IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL MCGOWAN,<br>No. B12358, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )  Case No. 14-cv-00014-JPG<br>) |
| RICHARD HARRINGTON,<br>R. SHEARING, and<br>WEXFORD MEDICAL SERVICES, | )<br>)<br>)<br>) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Michael McGowan, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 regarding the conditions of his confinement and medical care.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

Plaintiff, who has a prosthetic leg, was moved to cell 141 in July 2012. He was celled with another inmate with a prosthetic leg. Both inmates' prostheses need to be replaced, so Dr. R. Shearing, Medical Director at Menard, ordered the inmates to give up their prostheses. However, the inmates were not given canes, crutches or wheelchairs, and cell 141 was not equipped with rails or even a fixed ladder for the bunks. Not only did the two inmates have difficulty navigating their cell, they were unable to leave cell 141 to eat, shower, exercise or move about the prison. According to Plaintiff, for five months he was held in his cell as though he were in disciplinary segregation.

Multiple administrative grievances—some specifically directed to Dr. Shearing and Warden Richard Harrington—were to no avail. Dr. Shearing told Plaintiff that Menard did not permit disabled inmates to have assistive devices such as canes or crutches, presumably due to security considerations. Dr. Shearer also told plaintiff that since Plaintiff was in prison, he should "get used to it." Plaintiff contends that Dr. Shearer should have at least given Plaintiff a "medical lay-in," which would have entitled him to have his meals regularly delivered to his cell.

After Plaintiff received his new prosthetic leg, he experienced hip and back pain because the prosthesis did not fit properly; it was too long. Again, grievances and discussions with Dr. Shearing regarding the prosthesis and inadequacy of the cell were unproductive.

Plaintiff asserts that he is being singled out by "Menard officials," Dr. Shearing and Wexford Medical Services in retaliation for attempting to obtain medical care. Declaratory judgment, and punitive and compensatory damages are sought.

Based on a very generous reading of the complaint, the Court finds it convenient to divide the *pro se* action into four broad counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** **Warden Richard Harrington, Medical Director Dr. R. Shearing, and Wexford Medical Services violated the Eighth Amendment, when they left Plaintiff in a cell that was not equipped for his handicap, and when they refused to give him an assistive device;**
>
> **Count 2:** **The conditions of Plaintiff's cell and the denial of an assistive device violated the American with Disabilities Act of 1990, 42 U.S.C.A. § 12101 *et seq*., and the Rehabilitation Act, 29 U.S.C. §§ 794-94e;**
>
> **Count 3:** **Medical Director Dr. R. Shearing was deliberately indifferent to Plaintiff's serious medical needs relative to his new prosthesis, in violation of the Eighth Amendment; and**

> **Count 4:** Warden Richard Harrington, Medical Director Dr. R. Shearing, and Wexford Medical Services retaliated against Plaintiff for his attempts to secure medical care and a properly equipped cell, in violation of the First Amendment.

Although the complaint hints at a Fourteenth Amendment due process claim, Plaintiff's reference to being held as though he were in punitive segregation appeared to have been purely illustrative. Similarly, no due process claim has been recognized with respect to grievances that were ignored or denied. The Constitution also does not require prisons to have administrative systems for the redress of grievances. *See Owens v. Hinsley*, 635 F.3d 950, 953–54 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 772 n. 3 (7th Cir. 2008). And, merely ruling against a prisoner's grievance does not cause or contribute to the underlying constitutional violation. *See George v. Smith*, 506 F.3d 605, 609-10 (7th Cir. 2007). If Plaintiff desires to plead a due process claim, he is free to move to amend the complaint.

## Discussion

### Count 1

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Prison officials can also violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). "Deliberate indifference cannot rest on negligent actions or inactions, but must instead rest on reckless indifference to the plight of an inmate." *Cavalieri v. Shepard*, 321 F.3d 616, 626 (7th Cir. 2003).

The allegations underlying Count 1 are sufficient to support an Eighth Amendment claim. However, liability under Section 1983 requires a showing of personal involvement. *See Brooks v. Ross,* 578 F.3d 574, 580 (7th Cir. 2009) (citing *Rascon v. Hardiman,* 803 F.2d 269, 273 (7th Cir. 1986)). The doctrine of *respondeat superior* is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). The complaint fails to satisfy the *Twombly* threshold and adequately plead personal involvement by Warden Richard Harrington. Consequently, Warden Harrington will be dismissed from Count 1 without prejudice.

The allegations regarding Wexford Medical Services will also be dismissed. A corporation, cannot be held liable for its employees' constitutional violations simply because it is the employer. However, Wexford can be liable if Plaintiff's harm is caused by its unconstitutional policy or practice. *See Woodward v. Correctional Medical Services of Illinois, Inc.,* 368 F.3d 917 (7th Cir. 2004); *Maniscalco v. Simon,* 712 F.3d 1139, 1145 (7th Cir. 2013) (no *respondeat superior* liability for private corporation). No such policy or practice has been pleaded. Therefore, Wexford Health Services will be dismissed from Count 1 without prejudice.

The complaint states sufficient personal involvement on the part of Dr. Shearing. Therefore the Eighth Amendment claim in Count 1 shall proceed against Dr. Shearing.

**Count 2**

The Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. § 12101 *et seq.*, prohibits discrimination against qualified individuals based on their physical or mental disability (including a failure to accommodate a disability), as does the Rehabilitation Act, 29 U.S.C. §§ 794-94e. Out of an overabundance of caution, the Court has *sua sponte* construed the complaint as including identical claims under the ADA and the Rehabilitation Act relative to the conditions

of Plaintiff's cell and the denial of any assistance device. *See Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012) (adding a Rehabilitation Act claim to a *pro se* pleading is appropriate based on the factual claims, even though the legal theory had not been pleaded) ; *see also Jaros v. Illinois Department of Corrections*, 684 F.3d 667, 671 (7th Cir. 2012).

In contrast to Count 1's Eighth Amendment claim under Section 1983, individual employees of the Illinois Department of Corrections cannot be sued under the ADA or Rehabilitation Act. *Jaros*, 684 F.3d at 670. The proper defendant to Count 2 is the relevant state department or agency. *See* 2 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670 n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity). Consequently, the Court will *sua sponte* alter the caption accordingly, adding the Illinois Department of Corrections as a defendant, solely with respect to Count 2. At this point, the Court will not express an opinion regarding what remedies are available to Plaintiff under the ADA or Rehabilitation Act.

**Count 3**

Count 3 states a colorable claim that Medical Director Dr. R. Shearing was deliberately indifferent to Plaintiff's serious medical needs relative to his *new* prosthesis, in violation of the Eighth Amendment. Count 3 shall proceed.

**Count 4**

Count 4 is premised upon allegations that "Menard officials," Medical Director Dr. R. Shearing and Wexford Medical Services retaliated against Plaintiff for his attempts to secure medical care and a properly equipped cell, in violation of the First Amendment. To prevail on a First Amendment retaliation claim, a plaintiff must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment

activity in the future; and (3) the First Amendment held liaactivity was at least a motivating factor in the Defendants' decision to take the retaliatory action. *Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir.2012) (internal citations omitted).

Retaliation for filing a grievance violates the First Amendment. *Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir.2012). It is also reasonable to think that keeping someone confined to their cell without a prostheses or other assistive device would deter further complaints and grievances. However, as pleaded, only the allegations against Dr. Shearing are sufficient under the *Twombly* pleading standard and principles regarding personal involvement discussed above. There are no allegation on the part of Warden Richard Harrington; rather, "Menard officials" allegedly retaliated. Again, Harrington cannot be held liable under the respondeat superior doctrine. Warden Harrington will be dismissed without prejudice. Also, there are no allegations linking Wexford Medical Services to any retaliatory act by way of a policy or practice. Wexford will be dismissed without prejudice from Count 4.

### Disposition

**IT IS HEREBY ORDERED** that Defendants **RICHARD HARRINGTON** and **WEXFORD MEDICAL SERVICES** are **DISMISSED** from this action without prejudice.

**COUNT 1** shall **PROCEED** against **R. SHEARING**; **COUNT 2** shall **PROCEED** against the **ILLINOIS DEPARTMENT OF CORRECTIONS**; **COUNT 3** shall **PROCEED** against **R. SHEARING**; and **COUNT 4** shall **PROCEED** against **R. SHEARING**.

The Clerk of Court is **DIRECTED** to add the **ILLINOIS DEPARTMENT OF CORRECTIONS** as a defendant in this case, solely with respect to Count 2, Plaintiff's claims under the ADA and Rehabilitation Act.

The Clerk of Court shall prepare for Defendants **R. SHEARING** and the **ILLINOIS**

**DEPARTMENT OF CORRECTIONS**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  The service address for the newly added **ILLINOIS DEPARTMENT OF CORRECTIONS** is: 1301 Concordia Court, P.O. Box 19277, Springfield, IL 62794-9277.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.  Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  January 28, 2014**

<i>s/ J. Phil Gilbert</i><br><b>United States District Judge</b>