IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL MCGOWAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-14-JPG-DGW |
| ) | |
| R. SHEARING, ILLINOIS DEPARTMENT ) | |
| OF CORRECTIONS, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motions for Recruitment of Counsel filed by Plaintiff, Michael McGowan, on February 13, 2014 (Doc. 12) and March 26, 2014 (Doc. 24). For the reasons set forth below, the Motions are **DENIED**.

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently

present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff has made a sufficient attempt to secure counsel without Court intervention. However, counsel will not be recruited in this matter. This matter involves a limited time period and set of circumstances: Plaintiff alleges that around July 2012, he was moved to a cell that would not accommodate his physical condition, that a medical device was confiscated and not replaced for a number of months, and that, when it was replaced, it caused additional physical injuries. There are only two Defendants in this matter, the doctor who provided medical care and the Illinois Department of Corrections (as it relates to Plaintiff's Americans with Disabilities Act and Rehabilitation Act claims). This matter should not involve extensive discovery (beyond Plaintiff's medical records and testimony) and will most likely not involve expert discovery. Plaintiff, who represents that he has some high school education, appears capable of reading and writing English, setting forth his claims for relief, and following the directions of this Court. Therefore, Plaintiff appears competent to litigate this matter without the assistance of counsel. The Motions are accordingly **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 28, 2014**

                                                   **DONALD G. WILKERSON**
                                                   **United States Magistrate Judge**