IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL MCGOWAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case 3:14-cv-14-NJR-DGW |
| | ) | |
| R. SHEARING and ILLINOIS DEPARTMENT OF CORRECTIONS, | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion to Amend the Complaint filed by Plaintiff on July 31, 2014 (Doc. 51), the Motion for Extension of Time filed by Defendants on September 10, 2014 (Doc. 58), the Motion for Reconsideration filed by Plaintiff on September 24, 2014 (Doc. 59), the Motion for Leave to File filed by Plaintiff on October 6, 2014 (Doc. 61), the Motion to Compel filed by Plaintiff on October 6, 2014 (Doc. 62), and the Motion to Inspect filed by Plaintiff on October 9, 2014 (Doc. 64). For the reasons set forth below, the Motion to Amend the Complaint is **GRANTED IN PART** (Doc. 51), the Motion for Extension of Time is **GRANTED** (Doc. 58), the Motion for Reconsideration is **DENIED** (Doc. 59), the Motion for Leave to File is **DENIED WITHOUT PREJUDICE** (Doc. 61), the Motion to Compel is **GRANTED IN PART** (Doc. 62), and the Motion to Inspect is **DENIED WITHOUT PREJUDICE** (Doc. 64).

**Motion to Amend the Complaint**

Rule 15(a)(2) provides that a pleading may be amended by leave of court and that "the court should give leave when justice so requires." Leave may be denied if "the moving party unjustifiably delayed in presenting its motion to the court, repeatedly failed to cure deficiencies, or

if the amendment would be futile." *Gandhi v. Sitara Capital Management, LLC.*, 721 F.3d 865, 868-869 (7th Cir. 2013).

On January 28, 2014, Plaintiff was permitted to proceed on two Eighth Amendment claims of deliberate indifference to a serious medical need against Defendant Shearing, who is a doctor employed at the Menard Correctional Center ("Menard") where Plaintiff is housed (Counts 1 and 3), an Americans with Disabilities Act/Rehabilitation Act claim against the Illinois Department of Corrections ("IDOC") (Count 2), and a retaliation claim against Defendant Shearing (Count 4). Plaintiff's claims stem from his cell placement in July 2012. He alleges that he was effectively placed in segregation due to his disability (Plaintiff has a prosthetic leg) and was not given appropriate medical care before and after he was fitted with a new prosthesis. He further alleges that he filed multiple grievances regarding his medical care and cell placement and that he was retaliated against for complaining about the conditions of his confinement and the care he received.

Plaintiff now seeks to amend his Complaint in order to add new Defendants, Kimberly Butler (Warden), Angela Crain (Director of Nursing), and P. Marcin Kowska (Counselor), and to reassert claims against dismissed Defendant Richard Harrington (Warden) and Wexford Medical Services[1] (who were dismissed without prejudice). Plaintiff also repeats the claims that he has been allowed to proceed on against Defendant Shearing (Doctor) and the IDOC. In general, the Amended Complaint asserts the same factual scenario made in the original complaint. Plaintiff alleges that his medical needs were not met with respect to an old and new prosthetic leg beginning in July 2012 and continuing through September 2012. He further complains that his jail cell is

---

[1] This organization's true name is "Wexford Health Sources, Inc." and shall be referred to as "Wexford."

inappropriate for a handicapped individual. As to each of the medical Defendants (Crain and Shearing), Plaintiff alleges that they failed to provide the proper treatment, failed to supervise others in providing proper treatment, failed to create and institute appropriate policies with respect to disabled inmates, and failed to address his concerns. As to the Wardens (Butler and Harrington), Plaintiff alleges that they knew of his medical and housing conditions but failed to intervene and that they failed to implement appropriate polices. He makes the same policy arguments with respect to Wexford and the IDOC. Finally, he alleges that his counselor, Kowska, knew about his complaints but failed to do anything in response. The proposed amended complaint is 34 pages long and comes with a number of attachments and exhibits including medical records, grievances, affidavits, and treatises.

As noted above, Plaintiff is already proceeding on 4 Counts as identified by the District Court:

> Count 1: Medical Director Dr. R. Shearing violated the Eighth Amendment when he left Plaintiff in a cell that was not equipped for his handicap and when he refused to give him an assistive device;
>
> Count 2: The IDOC violated the American with Disabilities Act of 1990, 42 U.S.C.A. § 12101 et seq., and the Rehabilitation Act, 29 U.S.C. §§ 794-94e, with respect to the conditions of Plaintiff's cell and the denial of an assistive device;
>
> Count 3: Medical Director Dr. R. Shearing was deliberately indifferent to Plaintiff's serious medical needs relative to his new prosthesis, in violation of the Eighth Amendment; and
>
> Count 4: Medical Director Dr. R. Shearing retaliated against Plaintiff for his attempts to secure medical care and a properly equipped cell, in violation of the First Amendment.

The proposed amended pleading seeks to add the following additional counts:

> Count 5: The IDOC, Warden Richard Harrington, Warden Kimberly Butler, Medical Director Dr. Robert Shearing, Director of Nursing Angela Crain, and Counsel D. Marcin Kowska maintain unconstitutional policies and practices of

>deliberate indifference with respect to appropriate housing, accommodations, medical care and conditions of confinement for handicapped inmates.
>
>Count 6: Wexford Health Sources, Inc. maintains unconstitutional policies and practices of deliberate indifference with respect to the medical needs of disabled inmates.

Both Counts 5 and 6 properly allege unconstitutional policy and practice claims against the IDOC[2] and Wexford. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Iskander v. Village of Forest Park*, 690 F.2d 126 (7th Cir. 1982). However, Plaintiff's unconstitutional policy and practice claims against the individual Defendants, Harrington, Butler, Shearing, Crain, and Kowska are merely repetitious and subsumed under Plaintiff's claims against the IDOC.

A number of the claims made by Plaintiff relate to responses to his grievances. Any claims regarding the failure to respond to grievances has already been addressed, and rejected, by the District Court (Doc. 6, p. 4) and Plaintiff may not proceed on such claims. Plaintiff also makes claims that each Defendant failed to adequately supervise their employees or subordinate employees. There can be no *respondeat superior*, or supervisory liability in § 1983 actions against either the IDOC or Wexford or against the individual Defendants. *See Hahn v. Walsh*, 762 F.3d 617, 638-639 (7th Cir. 2014); *but see Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014). Finally, Plaintiff generally states that his "liberty interest rights" and "due process rights" were violated but provides no additional allegation or statement of such claims. These claims do not meet the pleading requirements of Federal Rule of Civil Procedure 8.

As to Angela Crain, Plaintiff appears to make the claim that she failed to supervise various

---

[2] Plaintiff seeks money damages against the IDOC in addition to a transfer from Menard and placement in appropriate housing. IDOC, a department of the State of Illinois, is immune from a suit for money damages; therefore, Plaintiff may only pursue his request for prospective injunctive relief. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989); *Ex parte Young*, 209 U.S. 123 (1908).

employees in their care of Plaintiff; however, he also asserts that she failed to approve and provide various medical devices, treatment, and procedures. The claims against Nurse Crain appear to be identical to the claims made against Dr. Shearing (including retaliation). As such, Plaintiff may proceed in Counts 1 and 3 against Dr. Shearing and Nurse Crain. Plaintiff's claims against Counselor Kowska are only related to her failure to respond to grievances and provide appropriate medical care. "Non-medical defendants . . . can rely on the expertise of medical personnel." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011). It is clear from the proposed amended complaint that Plaintiff was under the care of medical Defendants during the relevant time period such that Defendant Kowska would have been "justified in believing that the prisoner is in capable hands." *Id.* Plaintiff's claims against Kowska are futile.

In light of the foregoing, this matter shall proceed on the following counts only and the parties shall refer to Plaintiff's claims as:

> Count 1: Medical Director Dr. R. Shearing and Nurse Angela Crain violated the Eighth Amendment when they left Plaintiff in a cell that was not equipped for his handicap and when they refused to give him an assistive device;
>
> Count 2: The IDOC violated the American with Disabilities Act of 1990, 42 U.S.C.A. § 12101 et seq., and the Rehabilitation Act, 29 U.S.C. §§ 794-94e, with respect to the conditions of Plaintiff's cell and the denial of an assistive device;
>
> Count 3: Medical Director Dr. R. Shearing and Nurse Angela Crain were deliberately indifferent to Plaintiff's serious medical needs relative to his new prosthesis, in violation of the Eighth Amendment; and
>
> Count 4: Medical Director Dr. R. Shearing and Nurse Angela Crain retaliated against Plaintiff for his attempts to secure medical care and a properly equipped cell, in violation of the First Amendment.
>
> Count 5: The IDOC maintains unconstitutional policies and practices of deliberate indifference with respect to appropriate housing, accommodations, medical care and conditions of confinement for handicapped inmates.
>
> Count 6: Wexford Health Sources, Inc. maintains unconstitutional policies and

practices of deliberate indifference with respect to the medical needs of disabled inmates.

## Discovery Motions

The IDOC Defendants seek an extension of time, to October 10, 2014, to respond to requests to admit (Doc. 58). The Motion is **GRANTED**. The Court assumes that Defendants responded on October 10, 2014 and they are directed to file the response in accordance with Local Rule 26.1(b)((1) within three (3) days of the date of this Order.

Plaintiff represents that he has propounded 15 interrogatories on Defendants and he seeks leave to submit 10 more interrogatories (Doc. 61). Plaintiff states that his *pro se* status and unfamiliarity with discovery should convince the Court that the additional interrogatories are necessary. Plaintiff has not shown good cause to propound additional interrogatories as required by this Court's Scheduling Order (Doc. 29). This Motion is accordingly **DENIED WITHOUT PREJUDICE**. If Plaintiff seeks to serve additional interrogatories, he shall attach, to any future motion, the interrogatories he has served and the interrogatories that he wants to serve for consideration by the Court.

Plaintiff states that Defendants should have responded to his first set of interrogatories by September 12, 2014. As of the September 29, 2014, Plaintiff has not received a copy of the responses and he seeks an Order compelling the responses (Doc. 62). On October 8, 2014, Defendant Shearing indicated that he served responses on August 25, 2014 (Doc. 63). The IDOC has not responded to this Motion. The Motion is **GRANTED IN PART**. The IDOC is **ORDERED** to serve its response on Plaintiff, if it has not already done so, within two (3) days of the date of the Order and to file a Notice of same with the Clerk of Court.

Finally, Plaintiff requests that the Court appoint a representative to inspect and photograph the cells in which he has been housed, the cells that are handicap accessible, and other facilities at

Menard (Doc. 64). Federal Rule of Civil Procedure 34 does not contemplate the appointment of a "representative" to assist Plaintiff in inspecting or photographing Menard. Plaintiff should employ the procedures outlined in Rule 34(b) and should address his request to the IDOC. This Motion is accordingly **DENIED WITHOUT PREJUDICE**.

## Motion for Reconsideration

On March 28, 2014 (Doc. 26), this Court denied Plaintiff's motion for recruitment of counsel. Plaintiff's first motion for reconsideration also was denied on July 16, 2014 (Doc. 48). This Court again **DENIES** this second motion for reconsideration. As noted previously, Plaintiff appears more than capable of requesting relief, propounding discovery, and articulating his claims. In fact, his pleadings are generally better than most pleadings filed by other *pro se* litigants. This matter involves a limited time period and a limited set of circumstances and Plaintiff not only is capable of following the Court's direction (as evidenced by his new unconstitutional policy and practice claims) but he is also capable of propounding discovery requests, seeking relief from the Court, and managing the deadlines in this matter. Counsel will not be recruited in this matter at this time.

## CONCLUSION

For the foregoing reasons, the Motion to Amend the Complaint is **GRANTED IN PART** (Doc. 51), the Motion for Extension of Time is **GRANTED** (Doc. 58), the Motion for Reconsideration is **DENIED** (Doc. 59), the Motion for Leave to File is **DENIED WITHOUT PREJUDICE** (Doc. 61), the Motion to Compel is **GRANTED IN PART** (Doc. 62), and the Motion to Inspect is **DENIED WITHOUT PREJUDICE** (Doc. 64).

The IDOC is **ORDERED** to file its responses to the requests to admit and a notice of service with respect to its responses to Plaintiff's written discovery requests within three (3) days

of the date of this Order.

The Clerk of Court is **DIRECTED** to file Plaintiff's Amended Complaint submitted to the Court on July 31, 2014. Plaintiff shall proceed on Counts 1 through 6 as outlined above.

The Clerk of Court is **DIRECTED** to add **WEXFORD HEALTH SOURCES, INC.** and **ANGELA CRAIN** as Defendants in this case. The Clerk of Court shall prepare for Defendants **WEXFORD HEALTH SOURCES, INC.** and **ANGELA CRAIN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to **WEXFORD HEALTH SOURCES, INC.** and **ANGELA CRAIN** at the addresses provided by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.

Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

**WEXFORD HEALTH SOURCES, INC.** and **ANGELA CRAIN** are **ORDERED** to timely file an appropriate responsive pleading to the amended complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS SO ORDERED.**

**DATED: October 31, 2014**

**DONALD G. WILKERSON**
**United States Magistrate Judge**