IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL MCGOWAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-14-NJR-DGW |
| | ) | |
| R. SHEARING, ILLINOIS DEPARTMENT | ) | |
| OF CORRECTIONS, WEXFORD HEALTH | ) | |
| SOURCES, INC., and ANGELA CRAIN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Compel filed by Plaintiff, Michael McGowan on November 3, 2014 (Doc. 70), the Motion to Withdraw Admissions filed by Defendant, Illinois Department of Corrections, on November 3, 2014 (Doc. 74), the Motion in Response filed by Plaintiff on November 5, 2014 (Doc. 77), and the Motion to Strike filed by Defendant, Wexford Sources, Inc., on November 25, 2014 (Doc. 86). For the reasons set forth below, the Motion to Compel (Doc. 70) is **DENIED**, the Motion to Withdraw (Doc. 74) is **GRANTED**, the Motion in Response (Doc. 77) is **GRANTED IN PART**, and the Motion to Strike (Doc. 86) is **GRANTED**.

### Motion to Compel

Plaintiff seeks an Order compelling the Illinois Department of Corrections to respond to "all motions submitted by plaintiff." The IDOC is not obligated to respond to Motions filed in this matter even though there may be certain negative consequences for failing to respond. This Motion is accordingly **DENIED**.

Plaintiff also seems to assert in this motion that the IDOC failed to respond to his first set of

interrogatories, production of documents, and requests to admit which were served on July 28, 2014. On August 26, 2014, the IDOC was granted an extension of time, to September 12, 2014, to respond to Plaintiff's written discovery requests (Doc. 56). When this Court considered Plaintiff's first Motion to Compel (Doc. 62), to which the IDOC did not respond, the Court directed the IDOC to file a notice with the Clerk of Court, by November 6, 2014.[1] As of the date of this Order, no notice, regarding the IDOC's responses to Plaintiff's interrogatories or requests to produce, has been filed. The IDOC has however, responded to Plaintiff's requests to admit. The IDOC is again **ORDERED** to file a Notice with the Clerk of Court, **by December 3, 2014**, indicating what discovery requests were served, when they were served, and when responses were served. Failure to file the Notice may result in an order to show cause.

### Motion to Withdraw Admissions

The IDOC indicates that it inadvertently failed to timely respond to Plaintiff's requests to admit (its response was due on October 10, 2014). Federal Rule of Civil Procedure 36(a)(3) provides that a matter is admitted unless a party serves a timely response. However, an admission may be withdrawn if "it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.* at 36(b).

Plaintiff served 9 requests to admit that are preceded by "if." For example, request No. 1 states: "Admit or Deny: If the Illinois Department of Corrections provides physical therapy for disable inmates." If the IDOC failed to timely respond and this request is deemed admitted, it

---

[1] The Order directed the IDOC to file the notice "within two (3) days of the date of the Order." Notwithstanding the obvious typographical error (the Court should have indicated "three" instead of "two,") and the additional three (3) days allowed by Local Rule 5.1(c), the IDOC should have filed the notice by November 6, 2014.

seems that such an admission would not support Plaintiff's claims. If the IDOC "admitted" Request No. 1, then it would simply be admitting that it does provide physical therapy for disabled inmates. While such an admission may be used for impeachment, it is unclear how such a vague statement would support Plaintiff's claims. The IDOC has subsequently responded to this request by stating "Defendant admits that the Department's medical vendor can provide physical therapy when medically necessary." This answer would promote presentation of the merits of this action, a claim that the IDOC was essentially deliberately indifferent to Plaintiff's medical needs through its policies, because it offers a specific answer. The same can be said of the other answers to Plaintiff's requests to admit. Allowing the IDOC to answer the requests to admit would also not prejudice Plaintiff because he is given relevant and specific responses rather than the vague admissions that would not appear to advance his claims.

Accordingly, this Motion is **GRANTED**. The IDOC's responses to Plaintiff's request to admit, document 78, are deemed to be the operative responses.

## Motion in Response

This Motion reiterates Plaintiff's request that a person be appointed by the Court to inspect and take photographs of relevant cells located in the Menard Correctional Center. As indicated in this Court's previous Order (Doc. 67), this Court has no authority to appoint a representative to assist Plaintiff in creating or documenting evidence and that any request to inspect and photograph Plaintiff's cell should be first served on the IDOC. To the extent that Plaintiff already has served the maximum of 15 requests to produce, he is **GRANTED** leave to propound two (2) additional requests related to an inspection and photographing of cells in which he has been housed, the cells that are handicap accessible, and other related facilities at Menard. The Court would remind Plaintiff, however, that he is competent to testify and to provide an affidavit as to the facilities in

which he has been housed based on his own first-hand knowledge. This Motion is accordingly **GRANTED IN PART**.

## Motion to Strike

Wexford Health Sources, Inc. seeks to strike its affirmative defense of failure to exhaust administrative remedies. Federal Rule of Civil Procedure 12(f) provides that the Court may strike "an insufficient defense." Defendant has indicated that discovery has revealed that Plaintiff has likely exhausted his administrative remedies. This Motion is accordingly **GRANTED**.

## CONCLUSION

For the foregoing reasons, the Motion to Compel (Doc. 70) is **DENIED**, the Motion to Withdraw (Doc. 74) is **GRANTED**, the Motion in Response (Doc. 77) is **GRANTED IN PART**, and the Motion to Strike (Doc. 86) is **GRANTED**.

**IT IS SO ORDERED**

**DATED: November 26, 2014**

**DONALD G. WILKERSON**
**United States Magistrate Judge**