IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL MCGOWAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-14-NJR-DGW |
| ) | |
| R. SHEARING, ILLINOIS DEPARTMENT ) | |
| OF CORRECTIONS, WEXFORD HEALTH ) | |
| SOURCES, INC., and ANGELA CRAIN, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

On February 5, 2015, a hearing was held on two motions filed by Plaintiff, the Motion for Declaratory Judgment (Doc. 91) and the Motion for Subpoena for Production of Documents (Doc. 92). Plaintiff appeared by video-conference and Defendants R. Shearing and Wexford Health Sources, Inc. ("Wexford") appeared by counsel, Brittany L. Newell. Defendants Illinois Department of Corrections ("IDOC") and Angela Crain, who are represented by the Illinois Attorney General's Office, failed to appear. Since that hearing, a number of Motions have been filed which will be addressed below.

*Discovery*

The purpose of the hearing was to discuss the IDOC's responses to Plaintiff's discovery requests which have been the subject of numerous motions filed by Plaintiff including the two Motions identified above which, notwithstanding their title, seek full and complete responses to Plaintiff's interrogatories and requests to produce. The Court's ability to resolve these disputes has been hampered by the IDOC's failure to respond to Plaintiff's motions and the Court's Orders issued on October 31, 2014 (Doc. 67) and November 26, 2014 (Doc. 89). The IDOC finally

responded to the Court's December 15, 2014 Order (Doc. 93) by filing a Notice of Compliance. Attached to this Notice are the IDOC's responses to Plaintiff's First Set of Interrogatories and First and Supplement Requests to Produce (Doc. 100).  The filing indicates that the IDOC served its response to the First Set of Interrogatories and Supplement Request to Produce on November 3, 2014 and that it responded to the First Set of Requests to Produce on January 9, 2015.

The IDOC's responses, to Plaintiff's first set of discovery requests, were due on September 12, 2014 (Doc. 56).  The discovery responses are grossly untimely.  Not only did Defendant ignore the timelines provided in the Federal Rules of Civil Procedure and ignore Plaintiff's motions seeking answers, it also ignored this Court's Orders and compounded its lack of timely action by failing to appear at a scheduled hearing.  And yet, Defendant's responses are replete with various objections that the Court finds inadequate.  In particular, Defendants continually respond to discovery requests with complaints of vagueness, argumentative, compound question, and lack of clarity.   Surely, the IDOC and its lawyers are capable of determining what information a *pro se* non-lawyer inmate is attempting to acquire related to his claims.  This matter is not the first (nor will it be the last) that the IDOC will be tasked with answering unclearly worded discovery requests.

In this matter, Plaintiff, who has a prosthetic leg, is complaining about the lack of assistive devices in his cell and the lack of implements to help him navigate outside of his cell (among claims of inadequate medical care).  As such, when Plaintiff asks the following interrogatory: "Defendant, Illinois Department of Correction, what is the protocol for a disable inmate like plaintiff with an above the knee amputation," Defendant should be able to divine that Plaintiff is seeking policies and manuals related to how the IDOC would handle the movement of an inmate with a disability.   While the Court is mindful that much of Plaintiff's interrogatories are strangely

worded, providing a litany of objections and then offering only the vaguest answers (for example referring to medical and security staff which could include hundreds of individuals) is unhelpful.

Defendant IDOC is accordingly **DIRECTED** to review each and every discovery request served by Plaintiff and provide supplemental responses. Defendant shall attempt to reasonably interpret Plaintiff's discovery requests, in light of the claims in this lawsuit, and provide full, specific, and complete responses. Defendant shall file its responses with the Clerk of Court by **May 20, 2015.**

As to Wexford, Plaintiff stated that he served discovery requests on January 8, 2015. Wexford was ordered to respond by February 27, 2015. Plaintiff was also granted leave to serve 10 requests to admit to which Wexford was to respond within 30 days. The Court notes that Wexford filed its responses on April 9, 2015.

This matter is **SET** for an in person status conference on **June 9, 2015 at 2:30 p.m.** Plaintiff shall appear by video conference and Defendants shall appear by counsel. At that conference, the parties should be prepared to discuss any outstanding discovery disputes and whether the discovery deadline in this matter should be extended.

In light of the foregoing, the Motion for Declaratory Judgment is **GRANTED IN PART** (Doc. 91), the Motion for Subpoena is **GRANTED IN PART** (Doc. 92), the Motion for Reconsideration is **DENIED WIHTOUT PREJUDICE** (Doc. 96), the Motion for Extension of Time is **DENIED WITHOUT PREJUDICE** (Doc. 103), the Motion to Compel is **GRANTED IN PART** (Doc. 105), the Motion for Extension of Time is **DENIED WITHOUT PREJUDICE** (Doc. 110), and the Motion to Compel (Doc. 121) is **DENIED WITHOUT PREJUDICE**. To the extent that Plaintiff seeks and extension of the discovery deadline or additional discovery from Defendants, such matters will be taken up by the Court at the June 9, 2015 hearing.

*Other Motions*

Plaintiff filed an Amended Complaint on October 31, 2014 (Doc. 68) against the IDOC, R. Shearing, Wexford Health Sources, Inc., and Angela Crain. Defendant Wexford filed an Answer on November 14, 2014 (Doc. 83) and Defendant Shearing filed an Answer on January 2, 2015 (Doc. 98). Defendants Crain and IDOC filed a Motion for Extension of Time to file an Answer on January 2, 2015, seeking until January 23, 2015 to file an answer (Doc. 98). As of the date of this Order, no answer has been filed by these Defendants. The Motion is **GRANTED**. Defendants Crain and IDOC to file an Answer to the Amended Complaint by **April 24, 2015**.

The Motion for Reconsideration is **DENIED WITHOUT PREJUICE** (Doc. 102). The Court will, however, consider recruitment of counsel at the hearing set for June 9, 2015.

Plaintiff seeks a copy of his deposition transcript in order to review and correct the transcript pursuant to Federal Rule of Civil Procedure 30(e). Plaintiff states that he initially waived review of the transcript but that he has now been made aware of withheld discovery that may affect his answers. The purpose of a Rule 30(e) review is to correct errors in transcription or to correct areas where a deponent has misspoken. The review of any additional evidence should not and should not change the content of a deposition. As such, the Plaintiff's purpose for reviewing the transcript is misplaced and changes will not be allowed at this juncture. Plaintiff has been served a copy of his deposition transcript along with Defendant's Wexford's and Shearing's Motion for Summary Judgment (Docs. 114 and 115). The Motion to Exercise his Rights Under Rule 30(E) is accordingly **DENIED**.

Plaintiff seeks an extension of time to file a response to the Motion for Summary Judgment (Doc. 114). The Motion is **GRANTED IN PART** to the extent that Plaintiff seeks an extension of time only. Plaintiff shall file a response to the Motion by **June 9, 2015**.

Finally, attorney Matthew Tamul has filed a Motion to Substitute (Doc. 120) that refers to the wrong case and a person who is not a Defendant in this suit. That Motion is **STRICKEN**. Attorney Tamul has not entered an appearance in this matter even though he has addressed the Court through the erroneous motion and a Response (Doc. 122) and an Answer (Doc. 125) which are also hereby **STRICKEN**. If attorney Tamul seeks to represent a party to this action, he should file an appearance as required by Local Rule 83.1(f).

**IT IS SO ORDERED.**

**DATED: April 20, 2015**

    **DONALD G. WILKERSON**
    **United States Magistrate Judge**