IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL MCGOWAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-14-NJR-DGW |
| ) | |
| ROBERT SHEARING, ILLINOIS) DEPARTMENT OF CORRECTIONS,) WEXFORD HEALTH SOURCES, INC., and) ANGELA CRAIN, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Second Motion to Amend filed by Plaintiff, Michael McGowan, on March 7, 2016 (Doc. 192). For the reasons set forth below, the Motion is **DENIED**.

### BACKGROUND

Plaintiff filed his original complaint on January 8, 2014 alleging claims pursuant to 42 U.S.C. § 1983 related to his incarceration at the Menard Correctional Center from July, 2012 to the date of the Complaint. Plaintiff has a prosthetic leg and his claims relate to the housing and medical services he received at the prison. Plaintiff claims that he was compelled to give up his prostheses without an adequate replacement or other assistive device, that his cell was not equipped with rails or other assistive fixtures, and that he was unable to move about the prison to eat, shower, or exercise: essentially he claimed that he was celled in conditions that mimicked disciplinary housing (Doc. 6). Plaintiff named three defendants, Warden Richard Harrington, Dr. Robert Shearing, and Wexford Health Sources, Inc. ("Wexford"). Plaintiff was ultimately

permitted to proceed on four counts against Dr. Shearing and the Illinois Department of Corrections ("IDOC") (which was added by the Court) (*Id.*). Counts 1, 3, and 4 allege that Dr. Shearing was deliberately indifferent to Plaintiff's health needs related to his cell and equipment (Count 1), that he was deliberately indifferent to Plaintiff's health needs related to his prosthesis (Count 3), and that he retaliated against Plaintiff (Count 4). Count 2 alleges that the IDOC violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*, and the Rehabilitation Act, 29 U.S.C. §§ 794-94e (*Id.*). The Court dismissed, without prejudice, Richard Harrington and Wexford (*Id.*).

On July 31, 2014, Plaintiff sought to amend the complaint to add various new defendants and claims (Doc. 51). That Motion was granted in part and Plaintiff was permitted to proceed on claims against Angela Crain (who was added to Counts 1, 3 and 4) and Wexford (against which a policy and practice clam was made in Count 6), in addition to Dr. Shearing and the IDOC (against whom an additional policy and practice claim was added in Count 5) (Doc. 67, p. 5-6; Doc. 68).

The discovery deadline was January 30, 2015 and a motion for summary judgment on the merits was filed by Dr. Shearing and Wexford (Doc. 114). Plaintiff filed a response on June 3, 2015 (Doc. 149). On December 8, 2015, the District Court granted in part and denied in part the motion for summary judgment (Doc. 175). The Court granted judgment for Wexford on Count 6 and for Dr. Shearing on Count 4. As a result of that Order, the following counts remain:

> Count 1: Dr. Robert Shearing and Nurse Angela Crain violated the Eighth Amendment when they left Plaintiff in a cell that was not equipped for his handicap and when they refused to give him an assistive device;
>
> Count 2: The IDOC violated the American with Disabilities Act of 1990, 42 U.S.C.A. § 12101 et seq., and the Rehabilitation Act, 29 U.S.C. §§ 794-94e, with respect to the conditions of Plaintiff's cell and the denial of an assistive device;
>
> Count 3: Dr. Robert Shearing and Nurse Angela Crain were deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment;

> Count 4: Nurse Angela Crain retaliated against Plaintiff for his attempts to secure medical care and a properly equipped cell, in violation of the First Amendment; and
>
> Count 5: The IDOC maintains unconstitutional policies and practices of deliberate indifference with respect to appropriate housing, accommodations, medical care and conditions of confinement for handicapped inmates.

(Doc. 175, pp. 23-24).

The Court further indicated that counsel would be recruited for Plaintiff and that a status conference would be held in order to set final pretrial and trial dates. On January 8, 2016, counsel was recruited for Plaintiff and, during a conference on January 27, 2016 (Doc. 187), Plaintiff was permitted to file a motion to amend the complaint. That motion is now before the Court.

Plaintiff seeks to amend his complaint because "circumstances have changed" since the filing of his original complaint. In the proposed Second Amended Complaint, Plaintiff states that since he arrived at Menard CC in early 2007, he has had problems with his prosthesis. Plaintiff re-alleges his claims that from 2012 to 2014 he had problems with his new and old prosthesis, that the complained to Dr. Shearing about these problems, and that they were not adequately addressed. He further claims that during the process of repairing his prosthesis, he was without an assistive device which made it difficult for him to move around his cell (Plaintiff could not walk).

Plaintiff further alleges that he wrote letters to Defendants Walls and Crain (who did not respond) around October 13, 2012 regarding these issues. Plaintiff filed a grievance directed at Defendant Harrington on February 11, 2013 but his claims were not addressed by the Warden; he directed another grievance to Defendant Harrington on November 26, 2013 but his claims were again not addressed by the Warden. Throughout this period, Plaintiff indicates that he submitted multiple grievances but his concerns were never addressed. When Defendant Butler became the Warden in 2014, Plaintiff addressed his concerns to her; however, she also failed to address his

concerns.

   Plaintiff then makes new allegations related to an August 12, 2015 injury to the knee of his non-amputated right leg. Plaintiff did not see Defendant Trost until two days later; Dr. Trost failed to exam his knee and did not give any pain medication. On September 10, 2015, however, Dr. Trost submitted a referral to the "collegial board" of Defendant Wexford for an evaluation of his "twisted knee." The board rejected the request for an orthopedic consultation on September 15, 2015. A subsequent MRI request was also rejected by the Board on December 8, 2015 (after Plaintiff had been told by Dr. Caldwell that he had a torn tendon in his right knee that required surgery). During this time period, Plaintiff alleges that Dr. Trost failed to take into account that he was an amputee and that he was unable to walk as a result of the injury to his right knee. Plaintiff was required to crawl in order to move around his cell. Plaintiff submitted an emergency grievance to Warden Butler on August 26, 2015; but, his claims were not addressed. He tried to speak with Warden Butler about his issues on September 15, 2015 while she was touring the gallery, but she ignored him. The multiple grievances he filed were likewise ignored.

   Plaintiff then outlines the results of an expert report produced in litigation in the Northern District of Illinois, in a case styled *Lippert v. Ghosh*, 10-cv-4603, which outlines "systematic deficiencies" in the medical care provided at Illinois prisons including Menard CC. These systematic deficiencies, in turn, have negatively affected the care that Plaintiff received.

   Plaintiff's proposed second amended complaint alleges a deliberate indifference to conditions of confinement claim against Defendants Harrington, Butler, Shearing, Crain, Wall, and Trost (Count 1); a deliberate indifference to serious medical needs against all Defendants (including an unconstitutional policies and practices claim against Wexford) (Count 2); violations of the ADA against the IDOC (Count 3); violations of the Rehabilitation Act of 1973 against the

IDOC (Count 4); and a prayer for injunctive relief against Butler, Wexford, Trost and Ritz (related to his right knee and back condition) (Count 5).

## DISCUSSION

Federal Rule of Civil Procedure 15 provides that leave to amend should be freely given when justice so requires but may be denied if there is undue delay, futility, or prejudice. *Life Plans, Inc. v. Security Life of Denver Ins. Co.*, 800 F.3d 343, 357-358 (7th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To state a cognizable claim, the complaint must provide enough detail to give defendants fair notice of the nature of the claim and the grounds upon which it rests and to show that relief is plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007). Conclusory statements or the mere recitation of the elements of the cause of action are insufficient. *Id.* The pleading must contain factual allegations that "raise the right to relief above the speculative level." *Id.* at 555. In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court emphasized two underlying principles in *Twombly*: first, that legal conclusions stated in a complaint are not entitled to the assumption of truth reserved to factual allegations, and second, a complaint must state a plausible claim for relief. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged– but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

This matter has been pending since January, 2014. The amendment and discovery deadlines have long since passed (January 30, 2015) and a motion for summary judgment has been filed and decided (the IDOC Defendants have not sought summary judgment). Plaintiff's claims have been limited to those identified above. Plaintiff's motion to amend was filed at a time when

this matter was ready for a final pretrial and trial date. Delay, in-and-of-itself, is usually not enough to deny a motion to amend. *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008). However, delay, coupled with other factors like prejudice and futility, may be sufficient to deny leave to amend. *See Liu v. T & H Machine*, 191 F.3d 790, 794 (7th Cir. 1999).

Plaintiff essentially seeks to add a brand new claim with new defendants, namely the injury to his right knee for which he claims that he was not given adequate medical treatment. While the injury to his right knee certainly affected his on-going issues with his prosthetic and his mobility, the claim implicates different medical providers (Trost and Ritz) and a wholly different injury. Such a claim will require the reopening of discovery, the probable filing of motions for summary judgment on the issue of exhaustion of administrative remedies, and a new round of dispositive motions. Such actions would unreasonably delay this matter for at least a year and unreasonably delay resolution of Plaintiff's original claims (for which discovery has already been concluded) as to original Defendants. *See Campania Management Co., Inc. v. Rooks, Pitts & Poust*, 290 F.3d 843, 849-850 (7th Cir. 2002). Plaintiff's attempt to add a brand new claim could be viewed as merely an attempt to avoid an additional filing fee. *See e.g. George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff's claims related to his injured right knee could and should be brought in a new lawsuit.

Plaintiff's re-assertion of claims against Harrington and Butler (and the claim against Wall) also would be futile. This Court has twice indicated that claims related to the failure to respond to grievances are rejected (Doc. 6, p. 4; Doc. 67 4). Moreover, to the extent that Plaintiff claims that Wexford failed to adequately supervise its employees, those claims also have been rejected (*Id.*). And, summary judgment already has been granted on Plaintiff's policy and practice claims against Wexford (Doc. 175). Finally, Plaintiff's citation to the expert report in

*Lippert* adds nothing to his allegations. The report may be relevant, and the trial court may permit its admission into evidence at trial, as to Plaintiff's policy and practice claim against the IDOC; however, citation to the report does not create any new allegations. Thus, Plaintiff's proposed second amended complaint either seeks to add a completely new claim at this late stage of the proceedings, seeks to reassert claims that have already been dismissed, seeks to add a claim for which summary judgment has been granted, and otherwise seeks to add claims that would be futile. For these reasons, leave to amend must be denied.

CONCLUSION

For the foregoing reasons, the Second Motion to Amend filed by Plaintiff, Michael McGowan, on March 7, 2016 (Doc. 192) is **DENIED**. This matter shall proceed on the Amended Complaint and the counts set forth above. This matter is **SET** for a telephonic status conference on **October 27, 2016 at 2:00 p.m.** Defendant (IDOC) to initiate the phone conference. The parties should be prepared to discuss the trial schedule in this case.

**IT IS SO ORDERED.**

**DATED: October 18, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**