IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL MCGOWAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-14-NJR-DGW |
| ) | |
| R. SHEARING, ILLINOIS DEPARTMENT) | |
| OF CORRECTIONS, and ANGELA CRAIN, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

The history of this case has been set forth in a number of Orders, most notably the Order on summary judgment (Doc. 175), and will not be repeated in detail here because familiarity is presumed. Suffice it to say, Plaintiff is an inmate who has a prosthetic leg. His complaints concern the prosthesis and medical care that he received, in addition to his living conditions, since at least September 2010. Essentially, Plaintiff complains that from September 2010 to at least October 2013 he never was given a prosthesis that fit or functioned correctly, that he was without a prosthesis for an unreasonable amount of time, and that he was unable to navigate his cell and the prison, without a properly functioning prosthesis, at all or without difficulty. Pursuant to the Court's latest Order (again on summary judgment), Plaintiff is proceeding on the following claims:

> Count 1: Dr. Robert Shearing and Nurse Angela Crain violated the Eighth Amendment when they left Plaintiff in a cell that was not equipped for his handicap and when they refused to give him an assistive device;
>
> Count 2: The IDOC violated the American with Disabilities Act of 1990, 42 U.S.C.A. § 12101 et seq., and the Rehabilitation Act, 29 U.S.C. §§ 794-94e, with respect to the conditions of Plaintiff's cell and the denial of an assistive device;

> Count 3: Dr. Robert Shearing and Nurse Angela Crain were deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment;
>
> Count 4: Nurse Angela Crain retaliated against Plaintiff for his attempts to secure medical care and a properly equipped cell, in violation of the First Amendment; and
>
> Count 5: The IDOC maintains unconstitutional policies and practices of deliberate indifference with respect to appropriate housing, accommodations, medical care and conditions of confinement for handicapped inmates.

(Doc. 175, entered on December 8, 2015).

On March 7, 2016, Plaintiff sought to amend his complaint after counsel was appointed in anticipation of trial (Doc. 192). The proposed second amended complaint sought to add a number of new defendants: Wardens Harrington and Butler, Dr. John Trost, Dr. Ritz, and Nurse Gail Walls; and, it sought to restate claims against a dismissed Defendant, Wexford. Plaintiff set forth claims as follows (which are numbered according to the proposed second amended complaint but paraphrased by the Court; new Defendants and claims are highlighted):

> Count 1: Defendants **Harrington, Butler**, Shearing, Crain, **Walls, and Trost** violated the Eighth Amendment when they left Plaintiff in a cell that was not equipped for his handicap and when they refused to give him an assistive device;
>
> Count 2: **All Defendants** were deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment including **Wexford which promulgated and maintained unconstitutional policies and practices of deliberate indifference**;
>
> Count 3: The IDOC violated **Title II of the** Americans with Disabilities Act of 1990, 42 U.S.C.A. § 12101 et seq., with respect to the conditions of Plaintiff's cell and the denial of an assistive device;
>
> Count 4: The IDOC violated the Rehabilitation Act, 29 U.S.C. §§ 794-94e, with respect to the conditions of Plaintiff's cell and the denial of an assistive device;
>
> **Count 5: Injunctive relief with respect to an August 12, 2015 injury to his non-amputated right knee.**

On October 18, 2016, this Court denied the motion to amend (Doc. 205). Plaintiff now seeks reconsideration arguing that undue delay, by itself, is insufficient to deny leave to amend, that the

claims made against Wexford are not futile because events occurred after the summary judgment briefing, that the *Lippert Report* should be considered because it is attached to the proposed complaint, and, consideration of the additional claims would be efficient. The Court **GRANTS** the motion to reconsider and has considered the arguments made by counsel. For the reasons set forth below, the Court's October 18, 2016 Order (Doc. 205) is **VACATED IN PART and AMENDED IN PART** as set forth below.

Motions to reconsider do not exist under the Federal Rules of Civil Procedure. Such motions are construed as Rule 59 or Rule 60 motions. Because no judgment has been entered in this matter, the Court construes Plaintiff's motion as one seeking relief from an order pursuant to Rule 60(b)(6). This Court has discretion in determining the extraordinary relief sought in such a motion. *Bakery Machinery &Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 847-848 (7th Cir. 2009).

Plaintiff's claim against Warden Harrington was originally dismissed because the claim was construed as a due process claim for failure to respond to grievances (Doc. 6, p. 4). Since that time, the Seventh Circuit Court of Appeals issued its decision in *Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015):

> An inmate's correspondence to a prison administrator may thus establish a basis for personal liability under § 1983 where that correspondence provides sufficient knowledge of a constitutional deprivation
>
> *Id.* at 781–82 (7th Cir. 2015).

By submitting grievances and writing letters to Crain, Walls, Harrington, and Butler about his medical care and lack of accommodation, Plaintiff has stated an Eighth Amendment Claim against them, individually (Doc. 192-1, ¶¶ 36, 38, 49, 61, and 63). Of course, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dept. of*

*State Police*, 491 U.S. 58, 71 (1989).   Thus, official capacity (which is how Harrington and Butler are listed) suits are essentially a suit against the State of Illinois (or in this case the IDOC).   The IDOC is already a party to this suit and Plaintiff already is asserting a policy and practice claim against it.   Including Harrington and Butler, in their official capacity, then, is redundant and unnecessary.

To the extent that Plaintiff alleges that he is entitled to additional damages or a remedy because of the exacerbation of his mobility issues that resulted from the 2015 injury or because the 2015 injury was a "direct and probable consequence of Defendants' continued refusal to administer any kind of medical assistive defense [sic] to McGowan for mobility purposes" (Doc. 210, p. 7), such a claim does not require an amendment to the complaint.   Federal Rule of Civil Procedure 54(c) provides that: "Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."   Thus, Plaintiff may request compensation for the exacerbation of his mobility issues and subsequent injury (to the extent that such a request is legally sufficient).   If Plaintiff's problems with his prosthetic and his lack of mobility caused the 2015 injury, that is a question of damages.   It is not a new claim.

And yet, Plaintiff would be entitled to discovery in order to determine causality and the extent of damages.   Such discovery would necessarily delay these proceedings and postpone the trial date.   Such discovery would also be relevant to Plaintiff's deliberate indifference claim, made in Count 2 against Drs. Trost and Ritz.   It would simply be efficient to consider both how the 2015 injury caused additional damage to Plaintiff and how those doctors may have been deliberately indifferent to his medical need.   In light of this conclusion, the addition of Count 5, which only seeks a form of relief should be permitted.

Finally, with respect to Wexford and the policy and practice claim.   Plaintiff already had a

policy and practice claim against Wexford to which summary judgment was granted (Doc. 175). Plaintiff now seeks to reintroduce this claim under the guise that events in 2015 provide intervening facts. Thus, Plaintiff expands his policy and practice claim to include all of the medical care that he has received since 2010. The Court is not convinced. Plaintiff has had ample opportunity and time to parse out his policy and practice claim and present his theories to the Court for consideration. This claim did not pass muster under Rule 56; resurrecting it now would only prejudice Wexford.

Finally, the proposed second amended complaint does not set forth the retaliation claim against Crain that was originally contained in Count 4. And, the Court is not convinced that it erred on its analysis of the *Lippert Report*. While the report may be evidence in this matter, its factual contents do not set forth any additional claims nor is it necessary for notice pleading.

## Conclusion

For the foregoing reasons, the Motion for Reconsideration (Doc. 209) is **GRANTED IN PART**, the October 18, 2016 Order (Doc. 205) is **VACATED IN PART and AMENDED IN PART** as set forth above, and Plaintiff' Motion to Amend (Doc. 192) is **GRANTED IN PART and DENIED IN PART**.

In light of the foregoing, the following claims will proceed in this suit:

Count 1: Defendants Harrington, Butler, Shearing, Crain, Walls, and Trost violated the Eighth Amendment when they left Plaintiff in a cell that was not equipped for his handicap and when they refused to give him an assistive device;

Count 2: All Defendants were deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment with respect to Plaintiff's prosthesis and/or the August 12, 2015 injury to his non-amputated right knee;

Count 3: The IDOC violated Title II of the Americans with Disabilities Act of 1990, 42 U.S.C.A. § 12101 et seq., with respect to the conditions of Plaintiff's cell and the denial of an assistive device;

    Count 4:   The IDOC violated the Rehabilitation Act, 29 U.S.C. §§ 794-94e, with respect to the conditions of Plaintiff's cell and the denial of an assistive device;

    Count 5: Injunctive relief with respect to an August 12, 2015 injury to his non-amputated right knee.

Warden Butler, in her official capacity, is also retained in this suit in order to perfect any injunctive relief that may be ordered.

    Plaintiff shall file his Second Amended Complaint by **January 11, 2017.** This matter is **SET** for a telephonic status conference on **January 24, 2017 at 3:30 p.m.** IDOC to initiate the conference call.

**DATED: January 9, 2017**

                                                               **DONALD G. WILKERSON**
                                                                **United States Magistrate Judge**